UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

ALVIN LEONARD PALMER, SR. &
MARY ANN PALMER,                                    Chapter 13

       Debtor(s)      No.   07-30685
_____/

## ORDER ON DEBTOR'S OBJECTION TO CLAIM #7

  The Debtors in this Chapter 13 case have objected to Claim #7 filed by Homecomings Financial, LLC (Homecomings) to the extent that the claim seeks post-petition attorney's fees in the amount of $500.  Homecomings is the holder of a second mortgage on the Debtors' homestead which was current when the case was filed.  The Debtors' plan provides for direct payments by the debtors to Homecomings in accordance with the note and mortgage.  The Debtors argue that $500 in attorney's fees is unreasonable at this point and that Homecomings should be entitled to no more than $300 since the mortgage is current and is being paid directly to Homecomings outside of the plan.  Having considered the arguments of counsel and their post-hearing submissions, I agree with the debtors that the flat fee of $500 claimed by Homecomings is unreasonable and I will allow attorney's fees in the amount of $300.

  Homecomings' Proof of Claim sets forth the principal due on the Note and Mortgage in the amount of $39,762.94 as of the date of the petition and claimed the $500 attorney's fees without any support or itemization of services required.  At the conclusion of the hearing on the Debtors' Objection, I directed counsel for Homecomings to detail the time and labor involved in his firm's representation of Homecomings with regard to this case and any Chapter 13 case in which the mortgage loan is current

at the time of the bankruptcy and the Chapter 13 Plan proposes to pay the regular payments directly to the creditor. In response, Homecomings' counsel filed a summary of services it claimed are routinely performed from start to finish in a case where the mortgage is current at the time of filing and all payments are made directly to the mortgagee over the term of a sixty (60) month plan. The total time set forth consists of 3.5 hours of paralegal time at the billing rate of $100/hr and one hour of attorney time billed at $250/hr. Such time is broken down in four separate categories. The initial file setup, which includes opening the file, assigning it a file number, entering information into the firm's case management system and preparation of the case information, all of which is performed by a paralegal, is stated to consume 48 minutes of the paralegal's time. Following the file setup, the attorney spends an average of 24 minutes reviewing the summary to ensure that the information is accurate. The next category is the preparation of the proof of claim, which is asserted to take the paralegal 48 minutes, with 18 minutes for the attorney to review it. Thereafter, when the Chapter 13 Plan is filed, the attorney spends, on average, 18 minutes reviewing it to ensure that it properly deals with the creditor's claim and that it does not contain any objectionable language. Finally, following the filing of the proof of claim and the Chapter 13 Plan, the paralegal monitors the case pre-confirmation spending, on average, 12 minutes, and following confirmation the paralegal spends an average of 70 minutes over 60 months monitoring the progress of the case. Finally upon completion, the paralegal spends an average of 20 minutes on file closing and final correspondence with the creditor.

In response to Homecomings' submission of its summary of time and services required, the debtor submitted a copy of the Fannie Mae Single Family Servicing Guideline Section VII, 401.03: Allowable Attorney Fees (10/17/05). Pursuant to the Fannie Mae Guidelines, the maximum allowable bankruptcy fees cover the following services:

>Our maximum allowable bankruptcy fees cover the entry of an appearance, request for service, preparation and filing of the proof of claim, objections to the proof of claim, detailed review and analysis of the plan, objection to confirmation of the plan, reaffirmation of the debt, attendance at any meeting of creditors (when attendance is appropriate), motions for relief and/or motions to dismiss, and any other customary services performed in a bankruptcy matter. These services must be performed by qualified and experienced attorneys in accordance with applicable law and professional standards of conduct. In establishing our maximum allowable fees, we assumed that attendance would be required for up to two court hearings and for all necessary meetings of creditors.

Pursuant to those Guidelines, the maximum allowable fee in a Chapter 13 bankruptcy is $1,000, and when the Servicer refers a current mortgage for review of a Chapter 13 Plan, the maximum allowable fee for the work related to the review of the Plan is $150. Homecomings responded to the Debtors' filing of the Fannie Mae Servicing Guidelines by stating that the loan in question is not a Fannie Mae loan and further that if Fannie Mae allows $150 for reviewing a Chapter 13 Plan, then that's what they should receive in addition to the other services listed.

Homecomings' entitlement to reasonable attorney's fees is provided for in Paragraph 7 of the mortgage on the Debtors' home which provides in pertinent part:

>7. **Protection of Lender's Rights in Property**. If borrower fails to perform the covenants and agreements contained in this Security Instrument, where there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy ...), then Lender may do and pay for whatever is necessary to protect the value of the Property and lender's rights in the Property. Lender's actions may include . . . appearing in court, paying reasonable attorney's fees ... .

Due to the anti-modification provision of 11 U.S.C. § 1322(b)(2), the debtor is obligated to pay reasonable attorney fees provided for in the mortgage. The issue presented here is what is a reasonable attorney's fee under the circumstances of this case. This court addressed the issue of flat rate attorney's fees in Chapter 13 in *In re Smith*, 230 B.R. 437 (Bankr. N.D.FL 1999).

In *Smith*, I disallowed the mortgagee's claim for $800 as a flat rate for the following generic services:

> Reviewing the court papers in the case;
> Reviewing proof of claim filed by secured creditor and, if necessary,
>    preparing, filing and serving an amended proof of claim;
> Reviewing and analyzing the debtor's proposed Chapter 13 plan and
>    filing objection to plan, if necessary;
> Monitoring plan payments and filing a motion for stay relief or
>    for adequate protection, if necessary; and, as needed,
> Addressing any objection to claim which might be interposed.

230 B.R. at 440. In disallowing the full $800 as requested, I found that the attorneys and paralegals were claiming to have spent much more time on very routine services, such as preparation and review of standard forms. Further I held that "the debtor should not have to bear the burden of paying a fee for services that have not been performed". *Id* at 441. I reduced the creditor's attorney's fees from a claim of $800 to $305 (based on an hourly rate of $150) where the mortgage was two months in arrears at the time of the petition.

In reviewing the summary of services performed or to be performed by Homecomings' attorneys in the instant case, it appears that excessive time is being projected for services which need not be performed by either the attorney or a paralegal. The majority of the work covered by the category of "initial file setup" appears to be purely administrative processing which can be performed by a legal assistant and does not require any legal expertise. Likewise, the preparation of a one page form proof of claim which is, essentially a fill in the blanks form with numbers provided by the client should not take 48 minutes of paralegal time and 18 minutes for attorney review. One court has even suggested that secured creditors should not be entitled to attorney's fees for preparation of a claim. In *In re Marx*, 2005 WL 4779326 (Bankr.

W.D.LA 2005), in addressing whether or not it is reasonable for a creditor to hire counsel to file a proof of claim, the Court stated:

> The Court acknowledges that proofs of claim are sometime filed by attorneys on behalf of their creditor clients; generally speaking, however proofs of claim are filed by personnel employed by the creditor who are familiar with the particular mortgage and debtor. In fact, many large creditors employ personnel who are specialists who only deal with bankruptcy issues.
>
> The information contained in a proof claim generally comes from a creditor's file and is not legal in nature to the extent attorney involvement is required. The process generally requires filling in blanks on the form and attaching documentation. While in certain cases, the Court might agree that pre-filing review by an attorney is reasonable, the Court concludes in the instant case that similarly situated creditors would not reasonably conclude that it was necessary for Homecomings to hire an attorney to prepare and file its proof of claim. The proof of claim fee is disallowed.

*Id.* While I do not necessarily hold that no fees can be charged for preparation of a proof of claim, I do find that the time set forth in Homecomings' breakdown is excessive for a mortgage that is current.

With respect to the post-confirmation monitoring of the case, I will not allow prospective fees for services that have not been rendered to the client and may never be rendered. Based on the experiences of this Court, the prospect that this mortgage or any other mortgage being paid through a Chapter 13 Plan will be held and/or serviced by the same entity during the entire term of the plan is highly questionable. Likewise, it is this Court's experience that even after confirmation of a Chapter 13 Plan, mortgage servicers often retain different counsel to address developments later in the case and fees are charged on a matter by matter basis. Thus, given the recent history of the mortgage servicing industry observed by this Court and others, there is no basis for awarding fees for services not yet performed.

While not necessarily controlling in the instant case, the Fannie Mae Servicing Guidelines are instructional regarding the reasonableness of attorney's fees for mortgage servicers in Chapter 13. Given the maximum allowable fee of $1,000 which covers a whole laundry list of services, a fee of no more than $300 is imminently reasonable in a case where the mortgage is not in default and will be paid directly to the mortgage creditor outside of the Plan. While Homecomings asserts in its response to the Debtors' objection that it is not unreasonable for a secured creditor to pay competent bankruptcy counsel a modest fee of $500, $500 is hardly modest to a Chapter 13 debtor. The monthly payment on Homecomings' mortgage in this case is only $536. Therefore just for filing a Chapter 13 in order to deal with debts other than that of Homecomings, this mortgage servicer seeks to saddle the Debtor with a $500 fee. This I find to be unreasonable. Accordingly, it is

ORDERED AND ADJUDGED that:

1) Debtors' Objection to Claim #7 of Homecomings is sustained and the sum of $300 will be allowed as attorney's fees for this matter.

2) Homecomings shall not be allowed to seek fees related to litigating the instant objection to its claim.

DONE AND ORDERED at Tallahassee, Florida, this 24th day of April, 2008.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge